UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

In re

David Solomont,

Debtor

Chapter 11
Case No. 10-12128-JNF

**AMENDED UNITED STATES TRUSTEE'S MOTION
TO CONVERT DEBTOR'S
CHAPTER 11 CASE TO CHAPTER 7**

The United States Trustee moves the Court to convert the chapter 11 case of David Solomont ("Debtor") to chapter 7. In support, the United States Trustee states:

**JURISDICTION**

1. The Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A). Venue is proper in this court under 28 U.S.C. §§ 1408 and 1409. The statutory predicates for relief are 28 U.S.C. §§ 586(a) (3) and (7), 11 U.S.C. §§ 307 and 1112(b) and Fed. R. Bankr. P. 1017.

**FACTS**

2. On March 1, 2009, the Debtor[1] filed a voluntary chapter 11 petition.

3. The Debtor has failed to appear at an initial debtor's conference. The Debtor's counsel, Neil D. Warrenbrand, Esq., has indicated to the undersigned that he has been unable to make contact with the Debtor. The Debtor's first meeting of creditors is scheduled for Tuesday, April 6, 2010. According to the Court's Order to Update (D.E.

---

[1] Upon information and belief, the Debtor is the spouse of Joan Solomont, Chapter 7 Case No. 08-19250-JNF.

#11), the Debtor must file his Schedules, Forms and Statement of Financial Affairs by March 24, 2010.

4. The Debtor has failed to submit evidence that: i) his real and personal property is currently insured; and ii) he has opened a debtor-in-possession account.

5. Hingham Institution for Savings ("Hingham") has filed a motion to for relief from the automatic stay. To date, the Hingham matter has not been set for hearing.

**ARGUMENT**

6. The Debtor's failure to submit insurance binders for all assets of the estate and to comply with all UST operating guidelines constitutes "cause" under 11 U.S.C. §§ 1112(b) (4)(B), (C), (F) and (H) to convert the chapter 11 case to chapter 7.

7. Any substantial or continuing losses to or diminution of the estate and absence of reasonable likelihood of rehabilitation constitutes "cause" under 11 U.S.C. § 1112(b)(4)(A) to convert the chapter 11 case to chapter 7.

8. The interests of creditors and the estate would best be served by the conversion of the Debtor's chapter 11 case to chapter 7 per 11 U.S.C. § 1112(b). *See United Savings Association of Texas v. Timbers of Inwood Forest Associates, Ltd. (In re Timbers of Inwood Forest Associates, Ltd.)*, 808 F.2d 363, 371 (5th Cir. 1987), *aff'd* 484 U.S. 365 (1988).

**PRAYER**

WHEREFORE, the United States Trustee prays that the Court enter orders converting the Debtor's chapter 11 cases to chapter 7 and granting her all other legal and equitable relief to which she may be entitled.

        Respectfully submitted,

        JOHN P. FITZGERALD, III
        Acting United States Trustee

Dated: March 19, 2010        By:   /s/ Paula R. C. Bachtell
        Paula R. C. Bachtell BBO#564155
        United States Department of Justice
        Office of the United States Trustee
        J.W. McCormack Post Office & Courthouse
        5 Post Office Square, Suite 1000
        Boston, MA 02109-3934
        (617) 788-0406
        (617) 656-6368
        Paula.bachtell@usdoj.gov

## CERTIFICATE OF SERVICE

      The undersigned certifies that on March 19, 2010, true and correct copies of the foregoing Motion were served via the U.S. Bankruptcy Court's CM/ECF filing system or by United States mail, First Class postage pre-paid to those persons not appearing on the Court's receipt of electronic filing.

Internal Revenue Service
Insolvency Group Stop 20800
PO BOX 9112
25 New Sudbury Street
Boston, MA 02203

MDOR
Bankruptcy Unit
P.O. BOX 9564
Boston, MA 02114-9564

MDET
19 Staniford Street
Boston, MA  02114
Attn: C. Hurst

Neil D. Warrenbrand
Law Offices of Neil D. Warrenbrand
One McKinley Square
Boston, MA  02109

Kevin W. Gaughen
Gaughen, Gaughen, Lane & Hernando
528 Broad Street
Weymouth. MA  02189

David Solomont
60 Heath Hill
Brookline, MA  02445